## JACOBE v. HOUSTON ELECTRIC CO.
### (No. 593.)

(Court of Civil Appeals of Texas. El Paso.
May 25, 1916. Rehearing Denied
June 15, 1916.)

1. STREET RAILROADS ⊜112(3)—ACTIONS FOR INJURIES—BURDEN OF PROOF—NEGLIGENCE.

In an action for personal injuries caused by defendant's street car striking plaintiff's automobile, where the only act of negligence charged was discovered peril, the burden of proof was on the plaintiff to establish that the employés of the company actually had knowledge of plaintiff's peril and that they did not exercise reasonable care to prevent the injury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 227, 228; Dec. Dig. ⊜112(3).]

2. TRIAL ⊜139(1)—INSTRUCTED VERDICT.

In an action for personal injuries caused by defendant's street car striking plaintiff's automobile, where there was no evidence tending to prove the only issue to be submitted to the jury, the court did not err in instructing a verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341; Dec. Dig. ⊜139(1).]

Appeal from Harris County Court; Clark C. Wren, Judge.

Suit by Howard Jacobe against the Houston Electric Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Stanley Thompson, of Houston, for appellant. Baker, Botts, Parker & Garwood and R. C. Patterson, all of Houston, for appellee.

HARPER, C. J. Howard Jacobe brought this suit against the Houston Electric Company for damages on account of injuries to his automobile and his person, occasioned under the following allegations of fact: That on or about July 23, 1914, plaintiff was the owner of a Ford automobile. That he was passing along Main street, in Houston, Tex., in a southerly direction toward Franklin avenue, which intersects Main street. That when he approached near to defendant's street railway track, where it turns on Franklin, he stopped for the purpose of allowing foot passengers to pass across the street in front of him, as it was necessary for him to do in order not to run over or upon and injure them. That while he was so standing still in said position, one of defendant's cars, being then operated by the agents and servants of defendant, came along Main street, going toward Franklin avenue, and they carelessly and negligently ran the street car against plaintiff's automobile, and injured same and himself in person. That the defendant and its officers were guilty of negligence, in that they saw, or could by the exercise of reasonable diligence have seen, and discovered the position, danger, and peril of plaintiff. And he further charged that the servants did discover plaintiff's peril in time to have prevented the collision and injury, etc. Defendant answered by general denial, contributory negligence, etc. Tried with jury. At the close of the testimony, the court instructed a verdict for defendant, from which this appeal is prosecuted.

[1, 2] The appellant presents his case for review upon one assignment of error, viz., that, there being evidence to show negligence upon the part of the street car company, it was error to instruct a verdict. The only act of negligence charged was discovered peril. The burden of proof was upon plaintiff to establish that the employés of the company actually had knowledge of plaintiff's peril, and that they did not exercise reasonable care to stop the car and prevent the injury before he is entitled to recover (T. & P. Ry. Co. v. Breadow, 90 Tex. 31, 36 S. W. 410); and as to this there is a total lack of proof, but, on the other hand, plaintiff testified:

"I am not sure the motorman saw me. I do not suppose he saw me. I do not know whether he did or not. I saw him very plainly. He was not looking at me. I did not see him looking at me at any time while I was standing there. I could not say that he did see me, or did not see me, either way."

And there is no other evidence that the motorman discovered plaintiff's peril. The motorman testified that he did not know that he had struck plaintiff's car until afterwards. Therefore there is no evidence which tends to prove the issue to be submitted to the jury, and, the trial court did not err in instructing a verdict.

The judgment is therefore affirmed.